1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ANTHONY J. CROOK,                    Case No.  1:25-cv-00443-HBK (PC)

12          Plaintiff,                   ORDER TO ASSIGN A DISTRICT JUDGE

13      v.                               FINDINGS AND RECOMMENDATIONS TO
                                         DISMISS ACTION WITHOUT PREJUDICE[1]
14  JEFF MACOMBER, STATE OF
    CALIFORNIA, and GAVIN NEWSOME,       14-DAY DEADLINE
15
        Defendants.
16

17

18      Plaintiff Anthony J. Crook is a state prisoner proceeding pro se and *in forma pauperis* in

19  this civil rights action.  (Doc. Nos. 1, 7).  For the reasons set forth below, the undersigned

20  recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to

21  comply with a court order and prosecute this action.

22                              **BACKGROUND**

23      Plaintiff initiated this action by filing a rights complaint under 42 U.S.C. § 1983 alleging

24  Eighth Amendment conditions of confinement and medical deliberate indifference claims seeking

25  monetary damages for injuries due to unsafe working conditions—multiple large potholes in the

26  kitchen floor.  Specifically, Plaintiff sustained burns when a pothole impeded one of the legs of

27

28  [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
    (E.D. Cal. 2022).

1  the cake cart Plaintiff was pushing, causing it to tip over and spill hot pans onto Plaintiff's

2  exposed arms.

3      On May 1, 2025, the Court issued a screening order, pursuant 28 U.S.C. § 1915A finding

4  the Complaint, as pled, failed to state an official capacity claim against any of the named

5  Defendants, was barred by the Eleventh Amendment to the extent it sought monetary damages

6  against the State of California and Governor Newsome, and failed to allege sufficient facts to

7  state either a conditions of confinement or medical deliberate claim.  (*See generally* Doc. No. 8).

8  The Court afforded Plaintiff three options to exercise before June 6, 2025:  (1) file an amended

9  complaint; (2) file a notice that he intends to stand on his initial complaint subject to the

10  undersigned recommending the district court dismiss for reasons stated in the May 1, 2025

11  Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under

12  Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served.  (*Id*. at 10-

13  11).  The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or

14  seek an extension of time to comply" the undersigned "will recommend that the district court

15  dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute

16  this action."  (*Id*. at 11, ¶ 2).  As of the date of this of this Findings and Recommendation,

17  Plaintiff has failed to exercise any of the three options from the Court's Screening Order, or

18  request an extension of time to comply, and the time to do so has expired.[2]  *See* docket.

19                          **APPLICABLE LAW AND ANALYSIS**

20          **A.  Legal Standard**

21      Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action

22  when a litigant fails to prosecute an action or fails to comply with other Rules or with a court

23  order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889

24  (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with

25  Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with …

26  any order of the Court may be grounds for the imposition by the Court of any and all sanctions …

27

28  _____
[2] More than 45 days have passed since the date Plaintiff was deliver his response to the Screening Order to
correctional officials for mailing.

1    within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power

2    to control their dockets" and, in exercising that power, may impose sanctions, including dismissal

3    of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

4    A court may dismiss an action based on a party's failure to prosecute an action, obey a court

5    order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

6    1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*

7    *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court

8    order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

9    prosecute and to comply with local rules).  In determining whether to dismiss an action, the Court

10   must consider the following factors: (1) the public's interest in expeditious resolution of

11   litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants;

12   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

13   drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir.

14   1988).

15                    **B.  Analysis**

16          After considering each of the above-stated factors, the undersigned concludes dismissal

17   without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of

18   litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California*

19   *Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

20          Turning to the second factor, this Court's need to efficiently manage its docket cannot be

21   overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in

22   filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated

23   under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial*

24   *Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  This

25   Court's time is better spent on its other matters than needlessly consumed managing a case with a

26   recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to

27   litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor

28   weighs in favor of dismissal.

1    Delays inevitably have the inherent risk that evidence will become stale or witnesses'

2  memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

3  factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice

4  to defendant—weighs in favor of dismissal since a presumption of injury arises from the

5  unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir.

6  1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

7  the third factor weighs in favor of dismissal.

8    The fourth factor usually weighs against dismissal because public policy favors the

9  disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

10  However, "this factor lends little support to a party whose responsibility it is to move a case

11  toward disposition on the merits but whose conduct impedes progress in that direction," which is

12  the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

13  1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

14  multiple failures by aspiring litigants to follow the rules and requirements of our courts."

15  *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of

16  district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to

17  timely respond to court order and noting "the weight of the docket-managing factor depends upon

18  the size and load of the docket, and those in the best position to know what that is are our

19  beleaguered trial judges.").  Further, as set forth in the Screening Order, the Court already

20  determined that the Complaint, as pled, failed to state a claim, so this factor does not weigh in

21  favor of the Plaintiff.

22    Finally, the Court's warning to a party that failure to obey the court's order will result in

23  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

24  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's May 1, 2025 Order

25  expressly warned Plaintiff that his failure to comply with the Court's order would result in a

26  recommendation for dismissal of this action.  (Doc. 8 at 11).  Thus, Plaintiff had adequate

27  warning that dismissal could result from his noncompliance.  And the instant dismissal is a

28  dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby

1  satisfying the fifth factor.

2      After considering the factors set forth *supra* and binding case law, the undersigned

3  recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

4      Accordingly, it is **ORDERED**:

5      The Clerk of the Court randomly assign this case to a District Judge.

6      It is further **RECOMMENDED**:

7      This action be DISMISSED without prejudice for Plaintiff's failure to obey a court order

8  and failure to prosecute this action.

9                                    **NOTICE**

10     These Findings and Recommendations will be submitted to the United States District

11 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12 of the date of service of these Findings and Recommendations, a party may file written objections

13 with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings

14 and Recommendations." A party's failure to file objections within the specified time may result in

15 waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

16 *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

17

18 Dated:    July 22, 2025

19                              HELENA M. BARCH-KUCHTA
                               UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                        5